IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES CHARLES FUDGE,                                                                    PETITIONER
ADC #078875

v.                                         5:11-cv-00297-JLH-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I. BACKGROUND**

Before the Court is Respondent's Motion to Dismiss Successive Petition for Writ of Habeas Corpus. (Doc. No. 8.) Mr. Fudge initially received a death sentence for a capital murder conviction. *State v. Fudge*, 341 Ark. 759, 20 S.W.2d 315 (2000). He appealed, and the Supreme Court of Arkansas affirmed both the conviction and sentence. *Id.* Mr. Fudge then filed a Rule 37 motion pursuant to the Arkansas Rules of Criminal Procedure. *State v. Fudge*, 361 Ark. 412, 206 S.W.3d 850 (2005). The circuit court denied the motion; however, the Supreme Court of Arkansas remanded for further factual findings. *Id.* On remand, the circuit court amended its initial order by dismissing all but one of Mr. Fudge's claims: ineffective assistance of counsel during the sentencing phase of his criminal proceeding. *Id.* Mr. Fudge was successful on this claim, and, on January 24, 2006, he was re-sentenced to life imprisonment without parole. (Doc. No. 8 at 3.)

On July 12, 2006, Mr. Fudge filed a 28 U.S.C. § 2254 habeas petition with this Court and raised the following claims:[1]

    1.    The custodial statements that he gave to Portland, Oregon, police should have been suppressed because police:

---

[1] *Fudge v. Hobbs*, 5:06cv00183-JLH-JFF (E.D. Ark. 2006) (Doc. No. 38).

  a. compelled him to Mirandize himself;
  b. engaged in a "question first-Mirandize later" tactic in violation of *Missouri v. Seibert*, 542 U.S. 600 (2004);
  c. denied his request for a lawyer before questioning began and continued to question him;
  d. continued to question him after he stated that he did not want to incriminate himself;
  e. mislead him into believing that his signature on the rights form was an invocation rather than a wavier of his Miranda rights; and
  f. promised him leniency for his cooperation, rendering his statements involuntary;
2. The trial court violated the Confrontation clause of the Sixth Amendment by admitting into evidence prejudicial and biased hearsay statements by Kimberly Fudge under the excited utterance exception to the rule against hearsay;
3. The trial court infected Petitioner's entire trial with constitutional error by:
  a. refusing to instruct the jury on the lesser-included offense of second-degree murder; and
  b. refusing to instruct the jury on the lesser-included offense of manslaughter;
4. The evidence was insufficient to support his capital murder conviction;
5. The Confrontation Clause of the Sixth Amendment and the Due Process Clause were violated when Dr. Steven Erickson testified at trial as to findings and statements in an autopsy report prepared by Dr. Dan Conzelman;
6. Trial counsel were ineffective for:
  a. threatening Petitioner's alibi witnesses and causing them not to testify on his behalf;
  b. hiding information that Krystal Wade, who was twelve years of age, had given birth to a child;
  c. concealing video and audio surveillance recordings obtained from the Jones Brothers Pilot Truck Center;
  d. allowing biased jurors to be seated on the panel;
  e. coercing state witness Deborah Wilson to commit perjury;
  f. concealing a tape recording on which Deborah Wilson stated her intention to lie in court;
  g. refusing to cross-examine "several witnesses";
  h. failing to lodge a timely objection to Dr. Erickson's hearsay testimony;
  i. failing to challenge the admissibility of his custodial interrogation on the basis that it was the product of an "interrogation first" tactic,
  j. failing to cross-examine Dr. Erickson about post mortem changes to Kimberly Fudge's body and "alleged abuse of a corpse";
  k. coercing and unduly influencing Robert Williams' testimony;
  l. eliciting "vision" testimony from witnesses with "serious vision impairments" and "hearing" testimony from witnesses with hearing

                                impairments;
- m.   failing to cross-examine expert serologist Lisa Channell concerning mind-altering effects of post-operative medication;
- n.   failing to challenge drug-influenced state witnesses Lisa Channell and Lucille Taylor; and
- o.   failing to introduce evidence concerning the dome lighting and interior design of Kimberly Fudge's vehicle.[2]

The Court dismissed that petition with prejudice, finding some of the claims had been procedurally defaulted and the remaining claims were without merit;[3] furthermore, this Court denied Mr. Fudge a certificate of appealability on March 5, 2008.[4] On September 18, 2008, the United States Court of Appeals for the Eighth Circuit also denied Mr. Fudge a certificate of appealability and dismissed his appeal.[5]

On November 16, 2011, Mr. Fudge filed the instant habeas Petition (Doc. No. 2) raising the following claims:

1. His Fifth and Fourteenth Amendment Due Process rights were violated given that prosecutors committed a *Brady* violation by withholding "crucial critical material evidence favorable to defendant/petitioner to secure vindictive conviction with testimonies known to be false."
2. His Fifth and Fourteenth Amendment Due Process rights were violated given the prosecutors engaged in misconduct by relying on "known perjurious or false testimony."
3. His Fifth and Fourteenth Amendment rights to Due Process were violated because the Sixth Judicial District Circuit Court lacked jurisdiction over the homicide in question, which was committed in Lonoke County, Arkansas;
4. His Fifth and Fourteenth Amendment Due Process rights were violated given that the trial court lacked subject-matter jurisdiction and "failed to meet factors imbodied [sic] in Ark. Rules of Evid. 803(2) excited utterance;"

(Doc. No. 2, at 12-18.)

---

[2] *Id.*

[3] *Id.*

[4] *Id.* at Doc. No. 48.

[5] *Id.* at Doc. No. 56.


On December 21, 2011, Respondent filed a Motion to Dismiss (Doc. No. 8) arguing that the Petition was successive and that this Court lacked jurisdiction pursuant to 28 U.S.C. § 2244(b).

**II. DISCUSSION**

Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). So claims raised twice in the federal habeas context "shall be dismissed" the second time they are raised. 28 U.S.C. 2244(b)(1). Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition "shall be dismissed unless:"

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. 2244(b)(2).

Mr. Fudge responded to the Motion to Dismiss (Doc. No. 9) and acknowledges that his Petition is successive, but asks the Court to hold his Petition in abeyance pending permission from the Eighth Circuit. (*Id.* at 3.) After careful review, the Court finds that the language of 28 U.S.C. § 2244(b) is jurisdictional and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); *see also Williams*, 658 F.3d 842, 853 (2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). Thus, dismissal of Mr. Fudge's

Petition is required. 28 U.S.C. § 2244(b)(1). The Court recommends dismissal without prejudice so Mr. Fudge may refile his Petition should the Eighth Circuit Court of Appeals grant him permission to proceed.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Respondent's Motion to Dismiss (Doc. No. 8) be GRANTED.

2. Mr. Fudge's § 2254 Petition (Doc. No. 2) be DISMISSED WITHOUT PREJUDICE and the requested relief be DENIED.

3. All other pending motions be DENIED as moot.

DATED this 26th day of January, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE